Okay, I'm just going to reserve two minutes for rebuttal, Your Honors. May it please the Court, Siobhan Sheridan-Ayala on behalf of Mr. Urias-Sepulveda, petitioner. In this case, we're asking the court to remand the case, the board, to correct errors from the board's decision below. First of all, the board indicated under previous law that there was no prejudice in denying a motion to reopen because the decision for cancellation of removal was unreviewable at that time. And in the interim, we've had Wilkinson, and so the board does review mixed questions of law and fact. However, I think that the board did apply the wrong standard. It indicated that it recognized there was a rebuttable presumption of prejudice when an appeal was not filed. However, it just glossed over that and then found that the presumption of prejudice was not rebutted in this case. And I think that is an error because the standard is whether or not there's a plausible ground for relief. And Mr. Urias was able to show that he did have a plausible ground for relief. The previous counselor who filed the motion to reopen didn't file a plethora of evidence. However, there was an affidavit which indicated that the daughter had— Well, in your supplemental opening brief at page 10, you state that, quote-unquote, new evidence was offered in support of the motion to reopen. What was that evidence? Where might I find it in the record? It's at AR-28. It's 14, part of the affidavit. He says that his daughter has received many awards from her school, including a presidential award. The presidential award was submitted originally with the underlying application, but the fact that she had many awards was not. So it's an affidavit. That's the evidence that was submitted. So how would that change anything? I'm just not—I'm having difficulty in seeing how you could meet a plausible showing of relief. Well, Your Honor, the board has indicated in matter of pilch that educational opportunities can affect the hardship analysis. And so if the daughter had some exceptional abilities that were necessary for her education in the U.S., and if her father's deportation would have affected those educational opportunities, then that could qualify for exceptional, extremely unusual hardship based on the fact of how exceptional she was or is. Excuse me. What about the fact there was another claim, another issue of ineffectiveness, which was the failure to file a timely—the prevention of filing a timely petition for review here because he didn't tell them of the— You didn't argue that in your opening brief, I don't think, at all. Is that right? But you did mention it in your supplemental brief. Yes. I mean, the failure of the previous attorney was multiple. I mean, he's been disbarred. And so he didn't—because the board did say they reopened the case based on matter of lazada and then dismissed the motion to reopen at the same time. So the board did consider the fact that he didn't file the petition for review, but it said it basically that it wasn't prejudicial. So did you go the lazada route? The previous—yes, the motion to reopen is very full of lazada arguments. No, but did you comply with lazada? Yes. It was complied with. And they held that you did. Yes. So if there was no petition for review filed here and there should have been or could have been, then what? I mean, the BIA found that there was no plausible grounds, but they were sort of predicting what we would do because it's a petition for review here, not with the board. Exactly. And I think the proper action that the board should have taken would have been to remand because— Remand why? Because the regulations specifically say that the board is not a fact-finding entity, and if there is fact-finding that needs to happen, it should be remanded. But what fact? We know that he didn't, in fact, that there was no petition for review filed here, and they seem to accept the notion that it was his fault and that it was an effective assistance that there wasn't one. Then what do we do next? Then it would be to— What's the point of a remand? I mean— Well, it would be to develop the — because the Ninth Circuit or the board, they have to look at the facts that are established at the trial court level. And so the development of the trial— We know what was established at the trial court level. I'm sorry? We know what was established at the trial court level. The question is what would the petition for review have said. Well, the — but the problem is, is that the facts established were faulty. I mean, they were not developed. But that's a different question from the one I'm asking. I want to focus on the fact that there was — because of his ineffectiveness, there was no petition for review filed in this Court. That petition for review would have been based on the existing record, not some other record.  Right. So there's no point in a remand for that. Right. Because there's no fact-finding to be done. Right. Right. So the question is, what do we do at that point? Do we then decide whether a plausible — what we would have done had there been a petition for review filed? Or what do we do? Well, Your Honor, we would ask that the Court remand the case. For what? For fact-finding. Because the motion to reopen was twofold. I understand it. I'm not asking about the first fold. I'm asking about the second fold. Okay. Let's just focus on that. Okay. So if you — if the Court — so then, I mean, I guess the Court could consider whether or not, based on Wilkinson and Gonzales, whether or not there is, based on the mixed question of fact and law, whether or not there is enough evidence to indicate exceptional, extreme, and unusual hardship. In other words, we would essentially, in effect, be deciding the petition for review as if it had been filed. Essentially. Exactly. I mean, in essence. Right. But that — and I understand Your Honor is not wanting to talk so much about the remand. Excuse me. But the fact of the matter is that she had — he had an attorney who was — who has not been disbarred. And there is evidence of facts that were not developed at the court. Exactly what fact? Well, the extent of her achievements. That she got a presidential award. No. I thought that was already in the record. No, that there was other accolades that she had. Other than the presidential award. Yes. Because the presidential award was already in the record. Right. So there was the extent of other — other accolades that she had and, like, the extent — So it doesn't sound like you're relying on the ineffective assistance with regard to the petition for review. You don't seem interested in that. Well, I mean, I feel like that the board remedied that by reopening the case in that regard and allowing us to file a petition for review. Although we can't really actually argue those issues. So, thank you. Do you want to reserve the balance? Yes. Okay. Any other questions before — okay, go ahead. All right, we'll hear from the government. Good morning. Good morning, Erin Nelson, for the respondent to the Attorney General. At the outset, I want to thank the court for granting me leave to appear remotely. I know it was a last-minute request based on my familial circumstances. I greatly appreciate that. Now, with respect to this case, I note that Ms. Ayala said that the motion to reopen did not present a plethora of evidence. I would say that's quite an understatement. In fact, this case fails for petitioner because of the failure to make the threshold showing at the motion to reopen a threshold showing of prejudice. If you look at the record on that motion to reopen, the entirety of the evidence that was appended with the motion discussed the representation agreement, discussed the deficiency of his first attorney, and so the board said, fine, we see that you've made that showing, but you never made the showing of prejudice. And Ms. Ayala points to his declaration in the record at 28 in which petitioner says that he was told to bring birth certificates, certificates from school, he was asked if he had a sick child, he said he did not have a sick child. And he said, well, he didn't ask me for other additional information regarding my daughter who was gifted and has received many awards from her school, including a presidential award. Implication there is that the first attorney, who was ineffective, didn't ask him to present the Presidential Academic Achievement Award. Well, parenthetically, I note that that is in the record. The motion to reopen was the time and the place for petitioner to set forth the claim for relief that he could have presented had he had the opportunity. Your opposing counsel said that the board granted the motion to reopen, but that's not true. It didn't grant the motion to reopen. It denied the motion to reopen. No, we're here on a denial of a motion to reopen based on the failure to show prejudice. And I just say that under abusive, I would reframe the discussion today. Under abusive discretion, that board decision from 2020 is good. It holds. And again, the motion to reopen based on ineffective assistance of counsel was petitioner's opportunity to make that threshold shown. He did not make the threshold shown. What about the fact that there was also ineffective assistance of counsel that resulted in the inability to file a petition for review in this court? You're not contesting that that's true, right? So, the presumption, there's a presumption of ineffectiveness. Is it a presumption? You mean a presumption of prejudice? Of prejudice. If showing of a denial of due process by the BIA in its consideration of a motion to reopen, there is a presumption of prejudice. So, how was that presumption of prejudice rebutted in this case? So, it was rebutted. In this case, it was rebutted, as the board notes in the record at four, by the fact that any petition for review at that time would have been met with a jurisdictional bar because it was deemed a discretionary determination for which there was no standard. And so... So, you think we should be looking at what would have happened at that time as opposed to what should have happened because there really isn't a jurisdictional bar? So, I think that the problem...  I haven't thought of it, but... I think that if we agree, and I think we must, that we're in a standard of review that is abuse of discretion, we have to look at the board decision from 2020 and ask, where did it abuse its discretion in applying faithfully the law of this circuit at that time? It didn't abuse its discretion. If we entertain petitioner's post hoc claim that Wilkinson is now what should have been applied, it's equating... It's basically effectively saying, well, the court's going to exercise de novo review, which I would respectfully say we are not at de novo review on the denial of a motion to reopen. If we were at de novo review, what would be the analysis? Well, if... As we say in our supplemental brief, because we have to answer petitioner's claims in the supplemental... In her supplemental opening brief, opposing counsel, that Wilkinson now opens a possibility of relief, what we would say, as we say in our supplemental answer, is that she's still... I mean, the board's decision, the board's sentence at four still holds, and that is the presumption is rebutted if the alien cannot show that he had plausible grounds for relief. So if we go beyond what I've already said we really shouldn't and get into de novo review or a total new analysis, he has to show that he had plausible grounds for relief. Okay, we're in a new world. We're looking at Wilkinson. But then we would look at what our court would have done if a petition for review had been filed, right? Well... Or what we would do now, maybe? I mean, this time frame thing is very odd, but the best case scenario for petitioner would be we look at what our court would do now with such a petition for review, right? I mean, I guess that would be the best case scenario for petitioner, and it would be doing him a great favor, and it would be taking this case outside of its frame, which is the denial of a motion to reopen. But if we do that, it seems like you probably still have an argument that reopening wouldn't even be valid or wouldn't be required now. I assume that's your argument, even if we were under today's standards. Even under today's standards, because he has failed to show plausible grounds for relief, he says again that he references... Well, we would do that essentially de novo because the board, A, didn't decide that, and B, they'd be deciding about what we would do. So we would decide. What it amounts to is we would decide the petition for review as if it had been filed, essentially. And that's counterfactual to the procedural posture that we are here for. I would submit that petitioner could have filed a motion to reopen based on a change of law with the board and could have made his argument there that Wilkinson now opens a whole new avenue for relief. But the supplemental opening brief does address Wilkinson and hangs his hat on the idea that now he has plausible grounds for relief. But as we say in our supplemental answer, his claim that the agency failed to take account of economic and emotional harm, first of all, that's the first we've heard of it is in the supplemental opening brief. Second of all, it's belied by the record. The immigration judge did take account of that, which often happens in these cases. And third, it's basically equivalent with the fact finding. We wish that the facts had been found differently on economic and emotional hardship. So for all of these reasons, I think there are problems with granting this petition for review on its current posture. Are there any other questions? No, we don't appear to. Okay, thank you very much. Thank you. Okay. I'm available to answer any questions if the court has any further questions. I don't have any other statements. We don't appear to. Okay, thank you. This matter will stand submitted.
judges: BERZON, CALLAHAN, FRIEDLAND